UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR-08-6027-LRS |
| ) | |
| vs. ) | **ORDER DENYING** |
| ) | **28 U.S.C. §2255 MOTION** |
| JASON PAUL CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**BEFORE THE COURT** is the Defendant's 28 U.S.C. §2255 Motion To Vacate Or Set Aside Conviction (ECF No. 94). The Government has filed a response at the direction of the court (ECF No.   ), and the Defendant has filed a reply. The motion is heard without oral argument and the court has determined that an evidentiary hearing is unnecessary. The asserted ground for relief at issue can be resolved by the evidence currently of record.

The Government concedes *U.S. v. Santos*, 553 U.S. 507, 128 S.Ct. 2020 (2008), and *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009), "do apply to the Defendant's money laundering convictions." While this is not an explicit admission that those convictions are invalid, the Government does not argue there is not a "merger" problem between the money laundering counts and the mail fraud counts of which the Defendant was convicted. What the Government does argue is that even if Defendant's counsel failed to recognize the "merger" problem, he still did not render ineffective assistance of counsel.

**ORDER RE 28 U.S.C. §2255 MOTION- 1**

In a Section 2255 motion based on ineffective assistance of counsel, the movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective. *Id*. at 689. Defendant must shows counsel's performance was "outside the wide range of professionally competent assistance." *Id*. at 690. Counsel's representation must fall "below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 689.

As to the second prong, petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* at 695. Both prongs of the ineffective assistance test need not be addressed if the claim can be disposed of on one prong. *Id*. at 697. According to the Supreme Court:

> The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*.

Considering "all the circumstances," the court concludes Defendant's counsel were objectively reasonable in their performance, notwithstanding the apparent failure to recognize the "merger" problem. In this regard, it is noted that *Santos* is a plurality opinion which created uncertainty about its precedential impact. In *Van Alstyne*, the Ninth Circuit commented about this:

> Van Alstyne contends that his payments to investors were

**ORDER RE 28 U.S.C. §2255 MOTION- 2**

> no different than those held insufficient to sustain Santos'
> money laundering convictions because the payments were
> "necessary for the operation to continue." Our evaluation
> of this argument is seriously hampered by the fact that there
> is no majority opinion in *Santos*. Instead, there is a four
> justice plurality opinion, authored by Justice Scalia, and a
> concurrence by Justice Stevens, enunciating quite different
> reasoning from that of the plurality. Addressing Van
> Alstyne's argument thus requires us to figure out the
> precedential impact of the Supreme Court's fractured analysis
> in *Santos*.

584 F.3d at 810. And that is what the Ninth Circuit did in deciding whether mail fraud specifically "is or can be, a crime presenting the 'merger' problem that was a fulcrum consideration for the *Santos* plurality and concurrence." *Id*. at 814. The Ninth Circuit reversed two of Van Alstyne's three money laundering convictions on the basis that the conduct involved was essentially the same as the mail fraud for which he had been convicted.

*Van Alstyne* is the controlling interpretation in the Ninth Circuit. The *Van Alstyne* decision was filed on October 22, 2009, one week after Defendant was sentenced in this court (October 15), and approximately six months after he changed his plea (April 16, 2009) pursuant to his Plea Agreement with the Government. *Strickland* does not impose on counsel the duty to anticipate future developments in the law. 466 U.S. at 689. Although *Santos* was decided in 2008, it was not until the *Van Alstyne* decision that the impact of *Santos* was made clear, particularly with regard to the relationship between mail fraud and money laundering convictions. Thus, the court concludes there could not have been any ineffective assistance at the time the Defendant here entered his plea and at the time he was sentenced.

Counsel filed a Notice of Appeal with the Ninth Circuit Court of Appeals on
///
///
///
///

**ORDER RE 28 U.S.C. §2255 MOTION- 3**

October 16, 2009.[1]  It appears *Van Alstyne* was not raised as an issue on appeal[2], but that is not surprising considering that only the court's 109 months sentence of imprisonment was appealed.  This was a non-guideline sentence, 12 months below the low end of what the court deemed to be the applicable guideline range (121-151 months). At sentencing, Defendant's counsel asked the court to impose a non-guideline sentence of 24 months.  Such a sentence would have been well below the guideline range that would have applied based on the mail fraud convictions alone (97-121 months).  The point is it is understandable that on appeal, counsel would frame the argument based on reasonableness of the sentence under 18 U.S.C. Section 3553(a), rather than attacking the validity of the money laundering convictions because of *Van Alstyne* and seeking re-sentencing on that basis.  The Ninth Circuit ultimately concluded this court's 109 month sentence was "substantively reasonable" and based on a "thoughtful" consideration of the 3553(a) factors.  (ECF No. 92).

Counsel negotiated a favorable plea for the Defendant which resulted in the dismissal of 52 counts of mail fraud charged in the Indictment (Counts 9-60), and the dismissal of 92 counts of money laundering (Counts 69-160).   This too is taken into account in determining that counsel's representation of the Defendant

---

[1] The Federal Defenders' Office represented the Defendant at both sentencing and on appeal, although different counsel within that office represented him on appeal.

[2] The failure to raise the issue on direct review amounts to a procedural default, but the "cause and prejudice" exception for overcoming such a default is met by ineffective assistance of counsel claims.  "Failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under §2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S.Ct. 1690 (2003).

**ORDER RE 28 U.S.C. §2255 MOTION- 4**

was objectively reasonable and within the wide range of professionally competent assistance.

Moreover, the court is unable to conclude that Defendant's sentencing would have been any different had there been a challenge to the money laundering convictions based on *Santos* and/or *Van Alstyne*. Considering the mail fraud counts alone, the guideline range would have been 97-121 months (Adjusted Offense Level of 33 and a Total Offense Level of 30 after a three level reduction for acceptance of responsibility). The 109 months sentence imposed falls precisely within the middle point of that range. Having re-reviewed the Pre-Sentence Investigative Report and the transcript of the sentencing hearing (ECF No. 91), the undersigned can say without hesitation that based on the scope of the fraudulent conduct involved and its impact on the victims, a sentence of less than 109 months would not have been imposed even had the money laundering convictions been disregarded. The eight counts of mail fraud and eight counts of money laundering to which the Defendant pled guilty do not fully represent the scope of the fraud perpetrated by the Defendant and its impact: 1,300 victims with losses totaling in excess of $3 million. The Plea Agreement recites:

> Defendant began the fraudulent scheme set forth in the Indictment and involving the charges to which he is pleading guilty in October 2003 and continued the scheme through January 2006. The scheme involved the use of the United States mails and commercial interstate carriers to defraud and deceive "customers" (approximately 1,267 victims) in order to obtain money from said "customers" (approximately $2,700,000) through means of materially false and fraudulent representations, omissions, pretenses and promises concerning a consumer debt discharge program.

(ECF No. 62 at Page 5, Paragraph 5).[3] The charges to which Defendant pled guilty encompass transactions occurring only in the first half of calendar year 2004.

---

[3] The number of victims and the monetary amount were revised upward by the time of sentencing.

**ORDER RE 28 U.S.C. §2255 MOTION- 5**

1  Defendant's §2255 Motion (ECF No. 95) is **DENIED**. Furthermore, the
2 court **DENIES** a certificate of appealability. The Defendant has not made "a
3 substantial showing of the denial of a constitutional rights," 28 U.S.C.
4 §2253(c)(2), and jurists of reason would not disagree with this court's resolution
5 of Defendant's constitutional claim or conclude the issue presented is adequate to
6 deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322,
7 327, 123 S.Ct. 1029 (2003).
8  **IT IS SO ORDERED**. The District Executive shall forward copies of this
9 order to the Defendant and to counsel of record for the Government, K. Jill
10 Bolton, Esq., Assistant U.S. Attorney.
11  **DATED** this ___3rd___ of April, 2012.

  *s/Lonny R. Suko*
  _____
  LONNY R. SUKO
  United States District Judge

**ORDER RE 28 U.S.C. §2255 MOTION- 6**